IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JACOB VERN VANDEMYLE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>1:10-cv-164 TS |

Before the Court is the United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Docket No. 7). Defendant argues that Plaintiff's Complaint should be dismissed because (1) Plaintiff has failed to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA") and (2) Plaintiff's Complaint alleges tort claims to which the United States has not waived its sovereign immunity. As discussed below, the Court will GRANT Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice.

I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint. Plaintiff Jacob Vern Vandemyle ("Vandemyle") filed his Complaint in the Second Judicial Court of the State of Utah, County of Weber, Ogden Department. Plaintiff alleges that he was employed at Hill Air Force Base ("HAFB"), along with Robert Schaffer, William Campbell, Carl Schneider, and Shawn Lavender. Plaintiff alleges that HAFB received a bomb threat on May 28, 2009, and that the above individuals falsely reported that it was Plaintiff who called in the bomb threat. Based on

1

these allegations, Plaintiff's Complaint alleges claims for relief entitle "Slander Per Se," "Slander Per Quod," "Intentional Infliction of Emotional Distress," and "Tortful Interference with a Business Relationship." On November 9, 2010, the Court granted the individual defendants' motion to substitute the United States of America as the sole defendant in this matter.

## II. PROCEDURAL BACKGROUND

On September 29, 2010, Defendant filed a Notice of Removal of this action to the United States District Court for the District of Utah.[1] Defendant based its Notice of Removal on the United States Attorney's Certification of Scope of Employment, in which the United States Attorney concluded that the individual defendants were acting within the scope of their federal employment at the time of events on which Plaintiff's claims are based.[2] Pursuant to 28 U.S.C. § 2679(d)(2), this case is now deemed to be an FTCA action against the United States.

On October 7, 2010, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction along with supporting Memorandum.[3] Plaintiff then filed his first Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss on October 18, 2010.[4] The Court granted Plaintiff's Motion for Extension on November 8, 2010, and assigned January 20, 2011, as the due date for Plaintiff's Response to Motion to Dismiss.[5] Plaintiff filed his second Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss on January 20, 2011.[6] The Court granted this second Motion for Extension and assigned a new due date of March 3, 2011, which passed over three months ago. To date, no response has been filed.

---

[1] Docket No. 2.
[2] Docket No. 3.
[3] Docket Nos. 6 & 7.
[4] Docket No. 8.
[5] Docket No. 11.
[6] Docket No. 13.

## III. STANDARD OF REVIEW

"Failure to respond timely to a motion may result in the court's granting the motion without further notice."[7] Under Fed.R.Civ.P. 12(b)(1), a party can facially attack the alleged subject matter jurisdiction of the court by "challenging the sufficiency of the complaint."[8] In reviewing a facial attack, the court accepts the allegations in the complaint as true.[9]

## IV. DISCUSSION

The Court will Dismiss Plaintiff's claims based on the following: A) Plaintiff has failed to exhaust HAFB's administrative remedies before bringing this tort action and B) the United States has sovereign immunity against Plaintiff's claims.

A.  FAILURE TO EXHAUST HAFB'S REMEDIES

The FTCA requires that a claimant exhaust his administrative remedies by bringing an administrative tort claim to the appropriate federal agency before filing a lawsuit based on the allegedly tortious conduct.[10] As Plaintiff failed to bring this claim before HAFB's administration before pursuing litigation, Plaintiff's failure to exhaust his administrative remedies prior to filing suit stands as a bar against this action under the FTCA.

B.  UNITED STATES' SOVEREIGN IMMUNITY

The United States, as a sovereign entity, may be sued only to the extent that it has consented to such suit by statute.[11] Absent a waiver, sovereign immunity shields the United States and its agencies from suit.[12] A waiver of immunity must be "unequivocally expressed"

---

[7] DUCivR 7-1(d).
[8] *Paper, Allied –Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).
[9] *Id.*
[10] 28 U.S.C. § 2675(a).
[11] *Green v. U.S.*, 434 F. Supp. 2d 1116, 1127 (D.Utah 2006) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).
[12] *Green*, 434 F.Supp.2d at 1127.

and such waivers must be "construed strictly in favor of the sovereign."[13] In the absence of a waiver, dismissal for lack of subject matter jurisdiction is proper.[14] A party who brings suit against the United States bears the burden of establishing that sovereign immunity has not been waived.[15]

Under § 2680(h), the FTCA's waiver of immunity does not apply to any claim "arising out of . . . libel, slander, . . . or interference with contract rights." Plaintiff's First and Second Claims for Relief allege that the individual defendants falsely claimed that Plaintiff made a bomb threat and that these statements constituted slander. These claims are expressly exempted from waiver under § 2680(h); therefore, Plaintiff's First and Second Claims for Relief will be dismissed.

Plaintiff's Third and Fourth Claims of "Intentional Infliction of Emotional Distress" and of intentional disruption of his employment both arise out of the alleged slander in the First and Second Claims. While the FTCA does not expressly exempt claims for emotional distress, § 2680(h) does exempt "[any] claim *arising out of* . . . slander" (emphasis added). Therefore, because Plaintiff's Third and Fourth claims designate the alleged slander as the cause of his emotional distress and interrupted employment, these final Claims arise out of the alleged slander and are thus barred by statute. Moreover, Plaintiff's Fourth Claim for Relief is expressly barred by the FTCA's exemption for "interference with contract rights."[16] Therefore, all of Vandemyle's alleged causes of action fall under the FTCA's exceptions to waiver of sovereign immunity listed under 28 U.S.C. § 2680(h), which have been "unequivocally expressed;" thus, the United State's sovereign immunity against these claims bars suit.

---

[13] *Green*, 434 F.Supp. 2d at 1127. (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)).
[14] *Id.*; *See also F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Jacks*, 960 F.2d 911 (10th Cir. 1992).
[15] *Green*, 434 F.Supp. 2d at 1127.
[16] 28 U.S.C. § 2680(h).

## V. CONCLUSION

Based on Defendant's Motion to Dismiss with Prejudice and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 7) is GRANTED. All claims asserted by Plaintiff in his Complaint are dismissed with prejudice. Each party to bear their own costs and attorney's fees. The Clerk of Court is directed to close this case forthwith.

DATED this 17th day of June, 2011.

BY THE COURT:

_____
TED STEWART
United States District Court Judge